UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL GAGLIANO,

                           Plaintiff,

          -against-

COUNTY OF SUFFOLK, P.O. JOHN DOE 1-2,
P.O. TIMOTHY VICINANZA, P.O. BRIAN
MCMURRAY, SGT. BRENDAN PILKINGTON,

                           Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-01895 (JMA)(ARL)

**AZRACK, United States District Judge:**

      Before the Court are objections submitted by Plaintiff to Magistrate Judge Arlene R. Lindsay's Report and Recommendation (hereafter "R&R") recommending that the Court grant in part and deny in part Defendants' motion for summary judgement.  (ECF No. 44.)  Plaintiff filed timely objections to the R&R, (ECF No. 45, 46.)  Defendants did not file a response.  After conducting a review of the full record (including the motion papers, R&R, and objections), and applicable law, the Court adopts Magistrate Judge Lindsay's R&R in its entirety as the opinion of the Court.

      In reviewing a magistrate judge's report and recommendation on a dispositive motion, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  Even for dispositive motions, the portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

      The Court finds no clear error in the portions of Magistrate Judge Lindsay's R&R to which there are no objections.  Next, the Court turns to the portions of the R&R to which Plaintiff has objected.

1

Plaintiff objects to the R&R's recommendation dismissing his excessive force and Monell claim. Regarding his excessive force claim, Plaintiff asserts, in a conclusory fashion, that this claim should not be dismissed, because the Court granted Plaintiff leave to submit evidence in connection with this claim at a later date.  (See ECF Nos. 45, 46.) The Court has undertaken a de novo review of the full record and the applicable law and finds Plaintiff's objection is without merit.  Plaintiff fails to point to any support in the record of this proposition nor did Plaintiff raise this argument in his opposition to Defendant's motion for summary judgment.  In any event, as Magistrate Judge Lindsay found, Plaintiff also failed to submit any supporting evidence such as medical records, affidavits, or other sworn testimony to establish Defendants' liability despite claiming that he had received a diagnosis and sought medical treatment for his alleged injuries.  (ECF No. 40 at 27.) Plaintiff's objection to the dismissal of the Monell claim fails for the same reasons as he failed to offer any evidence in support of his municipal liability claim. Accordingly, Plaintiff's objections are overruled.

For the foregoing reasons, the Court affirms and adopts the well-reasoned R&R in its entirety as the opinion of the Court.

**SO ORDERED.**

Dated: September 20, 2022
Central Islip, New York

                                          /s/   (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE